FILED
10/31/25 2:27 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Case No. 25-20241-GLT |
| | : | |
| **MARK D. HUTCHIN** and | : | Chapter 13 |
| **SHANTEL M. HUTCHIN**, | : | |
| | : | |
| *Debtors*. | : | Related to Dkt. Nos. 29, 38, and 61 |
| | : | |

### ORDER (A) DISMISSING BANKRUPTCY CASE AND
### (B) SETTING SHOW CAUSE HEARING TO DETERMINE
### WHETHER DISMISSAL SHOULD BE WITH OR WITHOUT PREJUDICE

Following an October 22, 2025 confirmation hearing, the Court finds ample cause to dismiss the chapter 13 case of Debtors Mark and Shantel Hutchin. Though their case has been pending for nine months, the Debtors have yet to make a single plan payment to the trustee. They also failed to appear at a §341 meeting of creditors ("§341 meeting"), despite having three opportunities to do so.[1] Last but not least, the Debtor's chapter 13 plan proposed a reduced payment of $400 per month during a 60-month plan term with the balance of the plan base funded through the sale of property located at 3158 May Street in Pittsburgh.[2] While the Court approved the employment of a real estate broker in August,[3] the property has yet to be publicly listed or exposed to the market.

Any one of the facts listed above serves as grounds to end the case under 11 U.S.C. §1307(c)(1) for unreasonable delay by the debtors that is prejudicial to creditors. When considered collectively, however, the record shows that no progress has been made in any facet of this case for nearly a year. Indeed, the failures are so pervasive, the Court questions the Debtors' good faith

---

[1]    See Dkt. Nos. 42, 49, 61.

[2]    See *Chapter 13 Plan dated March 27, 2025*, Dkt. No. 29.

[3]    *Order Approving Retention of Realtor/Broker*, Dkt. No. 53.

efforts and whether they had any intention of fulfilling their bankruptcy obligations from the outset.

An assessment of the Debtors' good faith does not occur in a vacuum.  Rather, the Court may also evaluate their conduct in prior cases to determine whether a pattern of abuse exists.  Here, that prior history is instructive.

The Debtors' first chapter 13 case was filed on November 4, 2022 and it bears similar traits to the current proceeding.[4]  The Debtors' plan required monthly payments of $150, and it was contingent on the sale of their real property.[5]  Seven months later, the Debtors had yet to submit a payment to the chapter 13 trustee,[6] and they made no effort to retain a broker or otherwise facilitate a sale of their property.  In light of these facts, the case was dismissed without prejudice.[7]

Four months later, the Debtor's filed another chapter 13 case.[8]  Once again, the Debtors proposed a plan dependent on the sale of their property.[9]  The plan also required payments of $177 per month over a 36-month term.[10]  Just as before, the Debtors neglected to retain a real estate broker and demonstrated no discernible effort to procure a buyer for the real property.  The Debtors also failed to appear at the §341 meeting on two occasions.[11]  After considering their

---

[4]    See Case No. 22-22197, Dkt. No 1.

[5]    See *Chapter 13 Plan dated December 1, 2022*, Case No. 22-22197, Dkt. No. 14.

[6]    See *Chapter 13 Standing Trustee's Final Report and Account*, Case No. 22-22197, Dkt. No. 46.

[7]    See *Order Dismissing Case Without Prejudice and Terminating Wage Attachment*, dated May 26, 2023, Case No. 22-22197, Dkt. No. 45.  It is also worth noting that the Debtor missed the initial §341 meeting, though they later appeared on the next rescheduled date.  See Case No. 22-22197, Dkt. No. 23.

[8]    See *Voluntary Petition for Individuals Filing for Bankruptcy*, Case No. 23-21856-GLT, Dkt. No. 1.

[9]    See *Chapter 13 Plan dated October 4, 2023*, Case No. 23-21856, Dkt. No. 22.

[10]    See *Order of Court* dated January 20, 2024, Case No. 23-21856, Dkt. No. 42;

[11]    Case No. 23-21856, Dkt. Nos.  32, 35.

lackluster payment history (with aggregate payments to the trustee totaling only $531),[12] the Court

eventually dismissed the case.[13]

The Court's final observation involves the preparation and submission of the

Debtor's bankruptcy schedules and statement of financial affairs in the current case.  Despite

having completed a full set of bankruptcy schedules just 15 months earlier,[14] the Debtors requested

three extensions of the deadline to finalize the petition in this case.[15]  As a result, the completed

petition was submitted nearly 60 days after the petition date.[16]  Given that the Debtors merely

needed to update their prior schedules for recent events and refresh the valuations and claim

amounts, the Court questions whether this represents an intentional effort by the Debtors to slow

the advancement of their case.

The Bankruptcy Code[17] requires that a chapter 13 plan be proposed in good faith.[18]

Although the Court of Appeals for the Third Circuit has not issued a definitive test for assessing

good faith, bankruptcy courts in this Circuit generally employ a totality of the circumstances

analysis.[19]   Under this approach, the Court evaluates the debtor's intent and overall conduct in

light of the facts of the case to determine whether the filing and proposed plan reflect an honest

effort to satisfy the purposes of chapter 13.  Among other things, a court may impose sanctions

---

[12]    See *Chapter 13 Standing Trustee's Final Report and Account*, Case No. 23-21856, Dkt. No. 55.

[13]    See *Order Dismissing Case Without Prejudice and Terminating Wage Attachment*, Case No. 23-21856, Dkt. No. 49.

[14]    See Case No. 23-21856, Dkt. No. 21 (completed petition) filed on October 13, 2023.

[15]    See Dkt. Nos. 13, 19, 24.

[16]    Dkt. No. 28.

[17]    Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, 11 U.S.C. § 101, et seq. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[18]    11 U.S.C. § 1325(a)(3).

[19]    See In re McKinney, 507 B.R. 534, 541 (Bankr. W.D. Pa. 2014).

(including a filing bar restricting the debtor's ability to commence a new case) if it determines the dismissed case was filed in bad faith.[20]  Additionally, to merely suggest that a sale will occur to fund a plan is not enough. There needs to be a showing of progress towards implementation.[21]

The Debtors' third case reflects a continuation of the same conduct observed in the prior filings with minimal payment, failure to comply with basic statutory requirements, and an inability to advance the sale of their property.  Each case has followed the same trajectory: initial delay, incomplete performance, and ultimate cause for dismissal.  Despite having repeated opportunities to demonstrate good faith, this record establishes that the Debtors have failed to do so at every turn.

**AND NOW**, based upon the foregoing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.    The above-captioned case is **DISMISSED**.  The Debtors remain liable for all their debts as if the bankruptcy petition had not been filed.  Creditor collection remedies regarding the Debtors are reinstated pursuant to 11 U.S.C. § 349.  Creditors are directed to 11 U.S.C. § 108(c) for time limits on filing a lawsuit to collect.  **Generally, a creditor's lawsuit must be filed either before the time deadline imposed by state law for filing expires, or thirty (30) days after the date of this *Order*, whichever is later.**

2.    The Court shall retain jurisdiction over whether dismissal of this case should be with or without prejudice.  Dismissal with prejudice will be considered during a show

---

[20]    See In re Ross, 858 F.3d 779, 784-85 (3d Cir. 2017) (bankruptcy court has the discretion to address bad faith conduct by enjoining future filings).

[21]    See In re Guy, 2023 Bankr. LEXIS 2174 at *8-9 (Bankr. W.D. Pa. 2023) ("A debtor cannot remain in a chapter 13 proceeding without proof that a confirmable plan is in prospect. The fact that the Debtor identified the solution to her feasibility problems but failed to carry it out suggests that she was not serious about confirming a chapter 13 plan.").

cause hearing set for Wednesday, **December 10, 2025** at **11 a.m.** in Courtroom A, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219.

3. To the extent the Debtors oppose dismissal of their case with prejudice, they shall file a written response so that it is received by no later than **November 21, 2025**. In the absence of a timely response, the Court may cancel the December 10 hearing and dismiss the case with prejudice and without further notice or hearing.

4. The Clerk shall give notice of the dismissal to all creditors.

Dated:  October 31, 2025

**GREGORY L. TADDONIO**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

<u>Case Administrator to Mail to:</u>
Creditors' matrix

United States Bankruptcy Court

Western District of Pennsylvania

In re:                                                                                    Case No. 25-20241-GLT

Mark D. Hutchin                                                                Chapter 13

Shantel M. Hutchin

    Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-2 | User: auto | Page 1 of 3
--- | --- | ---
Date Rcvd: Oct 31, 2025 | Form ID: pdf900 | Total Noticed: 32

The following symbols are used throughout this certificate:

| Symbol | Definition |
| --- | --- |
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |
| ## | Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 02, 2025:**

| Recip ID | | Recipient Name and Address |
| --- | --- | --- |
| db/jdb | + | Mark D. Hutchin, Shantel M. Hutchin, 3158 May Street, Pittsburgh, PA 15234-2729 |
| r | + | Bobby West, Coldwell Banker Real Estate, 5887 Forbes Ave., Pittsburgh, PA 15217-1601 |
| cr | + | Keystone Oaks School District, c/o Maiello Brungo & Maiello, LLP, Foxpointe II, 100 Purity Road, Suite 3 Pittsburgh, PA 15235-4441 |
| 16489534 | + | Castle Shannon Borough, 3310 McRoberts Road, Pittsburgh, PA 15234-2711 |
| 16489533 | + | Castle Shannon Borough, c/o Jeffery Hunt, Esq., 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219-1753 |
| 16489535 | + | County of Allegheny, c/o John K. Weinstein, PO Box 643385, Pittsburgh, PA 15264-3385 |
| 16489539 | + | Keystone Oaks School District, c/o MBM Collections LLC, 100 Purity Rd, Suite 3, Pittsburgh, PA 15235-4441 |
| 16489541 | | Land Home Finanical Services, P.O. BOX 660155, DALLAS, TX 75266-0155 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
| --- | --- | --- | --- | --- |
| cr | + | Email/Text: ebnjts@grblaw.com | Nov 01 2025 00:11:00 | Borough of Castle Shannon, Richard A. Monti, Esq., 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219, UNITED STATES 15219-1753 |
| cr | + | Email/Text: ebnjts@grblaw.com | Nov 01 2025 00:11:00 | County of Allegheny, Richard A. Monti, Esq., 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219, UNITED STATES 15219-1753 |
| cr | + | Email/Text: enotifications@santanderconsumerusa.com | Nov 01 2025 00:12:00 | Santander Bank, N.A., as servicer for Santander Co, P.O. Box 560284, Fort Worth, TX 75356, UNITED STATES 75356-0284 |
| 16523882 | + | Email/Text: ebnjts@grblaw.com | Nov 01 2025 00:11:00 | Borough of Castle Shannon, c/o GRB Law, Richard A. Monti, Esq., 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219-1753 |
| 16489532 | ^ | MEBN | Nov 01 2025 00:05:07 | Borough of Castle Shannon Sewage, c/o Jordan Tax Service Inc., 102 Rahway Road, Canonsburg, PA 15317-3349 |
| 16523886 | + | Email/Text: ebnjts@grblaw.com | Nov 01 2025 00:11:00 | County of Allegheny, c/o GRB Law, Richard A. Monti, Esq., 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219-1753 |
| 16489536 | + | Email/Text: kburkley@bernsteinlaw.com | Nov 01 2025 00:12:00 | Duquese Light Company, 411 Seventh Avenue, Pittsburgh, PA 15219-1942 |
| 16519849 | + | Email/Text: jdryer@bernsteinlaw.com | Nov 01 2025 00:11:00 | Duquesne Light Company, c/o Bernstein-Burkley, P.C., 601 Grant Street, 9th Floor, Pittsburgh, PA 15219-4430 |
| 16489537 | | Email/Text: ECMCBKNotices@ecmc.org | Nov 01 2025 00:12:00 | ECMC, PO Box 16408, Saint Paul, MN |

District/off: 0315-2                                 User: auto                                              Page 2 of 3
Date Rcvd: Oct 31, 2025                          Form ID: pdf900                                    Total Noticed: 32

| | | | |
|---|---|---|---|
| | | | 55116-0408 |
| 16489538 | + Email/Text: ebnjts@grblaw.com | Nov 01 2025 00:11:00 | Goehring, Rutter & Boehm, Frick Building, 437 Grant Street, 14th Floor, Pittsburgh, PA 15219-6101 |
| 16489540 | ^ MEBN | Nov 01 2025 00:04:39 | KML Law Group, 701 Market St.- Suite 5000, Philadelphia, PA 19106-1541 |
| 16520669 | ^ MEBN | Nov 01 2025 00:04:59 | Land Home Financial Services, Inc., as servicer fo, 3611 South Harbor Boulevard, Suite 100, Santa Ana, CA 92704-7915 |
| 16489542 | Email/Text: ebnjts@grblaw.com | Nov 01 2025 00:11:00 | Michael G. McCabe, Esq, 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219-1753 |
| 16517051 | + Email/Text: peritus@ebn.phinsolutions.com | Nov 01 2025 00:12:00 | PERITUS PORTFOLIO SERVICES II, LLC, Peritus Portfolio Services II, LLC, PO Box 1149, Grapevine, TX 76099-1149 |
| 16489543 | Email/Text: perituspendrick@peritusservices.com | Nov 01 2025 00:11:00 | Pendrick Capital Partners & Peritus, Po Box 141419, Irving, TX 75014-1419 |
| 16489544 | Email/PDF: resurgentbknotifications@resurgent.com | Nov 01 2025 00:27:11 | Pinnacle Credit Services, c/o Resurgent Capital, PO Box 10587, Greenville, SC 29603-0587 |
| 16514703 | Email/PDF: resurgentbknotifications@resurgent.com | Nov 01 2025 00:27:43 | Pinnacle Credit Services, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 16519470 | + Email/Text: enotifications@santanderconsumerusa.com | Nov 01 2025 00:12:00 | Santander Bank, N.A.; as, servicer for Santander Consumer USA Inc., P.O. Box 560284, Dallas, TX 75356-0284 |
| 16579313 | + Email/Text: RASEBN@raslg.com | Nov 01 2025 00:11:00 | U.S. Bank Trust National Association, Robertson, Anschutz, Schneid, & Crane PL., 13010 Morris Rd., Suite 450, Alpharetta, GA 30004-2001 |
| 16578871 | + Email/Text: bkteam@selenefinance.com | Nov 01 2025 00:11:00 | U.S. Bank Trust National Association, Selene Finance LP, 3501 Olympus Blvd, Suite 500, Dallas, TX 75019-6295 |
| 16505572 | + Email/Text: ElectronicBkyDocs@nelnet.studentaid.gov | Nov 01 2025 00:12:00 | U.S. Department of Education c/o Nelnet, 121 South 13th Street, LINCOLN, NE 68508-1904 |
| 16489545 | + Email/Text: BNCnotices@dcmservices.com | Nov 01 2025 00:11:00 | UPMC Health Services, PO Box 1123, Minneapolis, MN 55440-1123 |
| 16489546 | Email/Text: BNCnotices@dcmservices.com | Nov 01 2025 00:11:00 | UPMC Physician Services, PO Box 1123, Minneapolis, MN 55440-1123 |
| 16489547 | + Email/Text: EDBKNotices@ecmc.org | Nov 01 2025 00:11:00 | US Dept of Education, PO Box 16448, Saint Paul, MN 55116-0448 |

TOTAL: 24

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | BONCIDIUM, LLC |
| cr | | LAND HOME FINANCIAL SERVICES |
| cr | | Land Home Financial Services, Inc., as servicer fo, FEIN, SUCH, KAHN & SHEPARD, P.C. |
| cr | | U.S. Bank Trust National Association |
| cr | | U.S. Bank Trust National Association, not in its i |
| cr | \*+ | Duquesne Light Company, c/o Bernstein-Burkley, P.C., 601 Grant Street, 9th Floor, Pittsburgh, PA 15219-4430 |
| 16523884 | \*+ | Borough of Castle Shannon, c/o GRB Law, Richard A. Monti, Esq., 525 William Penn Place, Suite 3110, Pittsburgh, PA 15219-1753 |
| 16489531 | ##+ | Argolica LLC, 2003. Western Ave., Suite 340, Seattle, WA 98121-2162 |

TOTAL: 5 Undeliverable, 2 Duplicate, 1 Out of date forwarding address

District/off: 0315-2                    User: auto                    Page 3 of 3
Date Rcvd: Oct 31, 2025                 Form ID: pdf900               Total Noticed: 32

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Nov 02, 2025                    Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 31, 2025 at the address(es) listed below:

| Name | Email Address |
| --- | --- |
| Denise Carlon | on behalf of Creditor BONCIDIUM LLC dcarlon@kmllawgroup.com |
| Jennifer L. Cerce | on behalf of Creditor Keystone Oaks School District jlc@mbm-law.net |
| Kenneth Steidl | on behalf of Joint Debtor Shantel M. Hutchin julie.steidl@steidl-steinberg.com ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |
| Kenneth Steidl | on behalf of Debtor Mark D. Hutchin julie.steidl@steidl-steinberg.com ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;awerkmeister@steidl-steinberg.com;bwilhelm@steidl-steinberg.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com btemple@bernsteinlaw.com;aepiscopo@bernsteinlaw.com;kebeck@ecf.courtdrive.com;agilbert@bernsteinlaw.com |
| Michelle L. McGowan | on behalf of Creditor U.S. Bank Trust National Association not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust mimcgowan@raslg.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Richard Monti | on behalf of Creditor Borough of Castle Shannon rmonti@grblaw.com |
| Richard Monti | on behalf of Creditor County of Allegheny rmonti@grblaw.com |
| Robert Shearer | on behalf of Creditor U.S. Bank Trust National Association rshearer@raslg.com |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |
| Tammy Benoza | on behalf of Creditor Land Home Financial Services Inc., as servicer for Boncidium, LLC bankruptcy@fskslaw.com |
| Tammy Benoza | on behalf of Creditor LAND HOME FINANCIAL SERVICES bankruptcy@fskslaw.com |

TOTAL: 13